**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JAMES WATSON,
ADC 154059                                                                                          PLAINTIFF

V.                                    3:15V00029 JM/JTR

MISSISSIPPI COUNTY SHERIFF'S DEPARTMENT                            DEFENDANT

## ORDER

Plaintiff, James Waston, is a prisoner in the Mississippi County Detention Facility. He has filed a *pro se* § 1983 Complaint, an Application to Proceed *In Forma Pauperis,* and a request for appointment of counsel.

### I. Application to Proceed *In Forma Pauperis*.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's**

**case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has filed a certificate from an authorized official certifying the sums in his institutional account for the previous six months. *Doc. 1*. Based on that information, the Court will assess an initial partial filing fee of $3.25. Upon payment of the initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. *See* 28 U.S.C. § 1915(b)(2).

## II. Request for the Appointment of Counsel

Plaintiff has filed a "Notice to Court," which is actually a request for the appointment of counsel. *Doc. 3*. A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the

assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel. Under these circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time. Thus, Plaintiff's request for the appointment of counsel is denied.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis (Doc. 1)* is GRANTED.

2. Plaintiff must pay the statutory filing fee of $350. The Mississippi County Sheriff is directed to collect from Plaintiff's institutional account an initial partial filing fee of $3.25. Thereafter, the Mississippi County Sheriff, or any future custodian, is directed to collect monthly payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account each time the amount in

the account exceeds $10.00. Those payments must be sent to the Clerk of the Court until a total of $350 has been paid.

3. The Clerk is directed to send a copy of this Order to the Mississippi County Sheriff, 685 NCR 599, Luxora, AR 72358.

4. Plaintiff's request for appointment of counsel (*Doc. 3*) is DENIED.

5. Service is not appropriate at this time.

Dated this  10th  day of March, 2015.

_____  
UNITED STATES MAGISTRATE JUDGE